## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>QUINTUS CORPORATION, *et al.*,,<br><br>        Debtors, | ) Chapter 11<br>)<br>) Case No. 01-00501 through<br>) Case No. 01-00503 (MFW)<br>) (Jointly Administered)<br>)<br>) |
| QUINTUS CORPORATION,<br>MUSTANG.COM, INC., and ACUITY<br>CORPORATION,<br><br>        Plaintiffs,<br><br>    v.<br><br>AVAYA, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>) Adv. No. 04-53074 (MFW)<br>)<br>)<br>)<br>) Re: Docket Nos. 120 ,121, 148, 149<br>)<br>)<br>) |

### AVAYA INC.'S DESIGNATION OF ITEMS FOR RECORD ON APPEAL AND STATEMENT OF ISSUES ON APPEAL

Avaya, Inc. ("Avaya"), by and through its counsel Sidley Austin LLP, and pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, hereby designates the items to be included in the record and sets for the statement of issues on its appeal from (i) *Order granting in part the Chapter 11 Trustee's Motions for Partial Summary Judgment and for Sanctions for Spoliation of Evidence, granting in part Avaya's Motion for Partial Summary Judgment, and entering judgment in favor of Plaintiffs* (D.I. 121), and (ii) *Opinion accompanying Order granting in part Chapter 11 Trustee's Motions for Partial Summary Judgment and for Sanctions for Spoliation of Evidence, granting in part Avaya's Motion for*

*Partial Summary Judgment, and entering judgment in favor of Plaintiffs* (D.I. 120), both entered by the Bankruptcy Court on October 30, 2006; and (iii) *Opinion Entering an Amended Judgment in favor of the Plaintiffs against the Defendant* (D.I. 148), and (iv) *Order Entering an Amended Judgment in favor of the Plaintiffs against the Defendant* (D.I. 149), both entered by the Bankruptcy Court on June 9, 2008. This Designation of Items for Record on Appeal is timely pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure.

**I.     Designation of Items for Record on Appeal.**

| Docket No. | Filing / Entry Date | Document Name |
|---|---|---|
| 87 | March 17, 2006 | Avaya's Motion for Partial Summary Judgment |
| 88 | March 17, 2006 | Avaya's Statement of Undisputed Facts |
| 89 | March 17, 2006 | Opening Brief in Support of Avaya's Motion for Partial Summary Judgment |
| 90 | March 17, 2006 | Appendix filed by Avaya in Support of its Motion for Partial Summary Judgment |
| 91 | March 17, 2006 | Chapter 11 Trustee's Motion for Sanctions for Spoliation of Evidence |
| 92 | March 17, 2006 | Opening Brief in Support of Chapter 11 Trustee's Motion for Sanctions for Spoliation of Evidence |
| 93 | March 17, 2006 | Chapter 11 Trustee's Motion for Partial Summary Judgment |
| 94 | March 17, 2006 | Opening Brief in Support of Chapter 11 Trustee's Motion for Partial Summary Judgment |
| 98 | April 3, 2006 | Avaya's Opposition to Chapter 11 Trustee's Motion for Partial Summary Judgment |
| 99 | April 3, 2006 | Appendix in Support of Avaya's Opposition to Chapter 11 Trustee's Motion for Partial Summary Judgment |
| 100 | April 3, 2006 | Avaya's Opposition to Chapter 11 Trustee's Motion for Sanctions for Spoliation of Evidence |
| 101 | April 3, 2006 | Chapter 11 Trustee's Opposition to Avaya's Motion for Partial Summary Judgment |
| 102 | April 28, 2006 | Avaya's Reply Brief in Further Support of its Motion for Partial Summary Judgment |
| 104 | April 28, 2006 | Chapter 11 Trustee's Reply Brief in Further Support of its Motion for Sanctions for Spoliation of Evidence |
| 105 | April 28, 2006 | Chapter 11 Trustee's Reply Brief in Further Support of its Motion for Partial Summary Judgment |
| 116 | October 3, 2006 | Chapter 11 Trustee's Motion for Leave to File Supplement Relating to Opening and Reply Briefs in Support of Chapter 11 Trustee's Motion for Partial Summary Judgment |

| **Docket No.** | **Filing / Entry Date** | **Document Name** |
|---|---|---|
| 119 | October 20, 2006 | Avaya's Answering Brief to the Chapter 11 Trustee's Motion for Leave to File Supplement Relating to Opening and Reply Briefs in Support of Chapter 11 Trustee's Motion for Partial Summary Judgment |
| 120 | October 30, 2006 | Opinion granting in part Chapter 11 Trustee's Motions for Partial Summary Judgment and for Sanctions for Spoliation of Evidence, granting in part Avaya's Motion for Partial Summary Judgment, and entering judgment in favor of Plaintiffs |
| 121 | October 30, 2006 | Order granting in part Chapter 11 Trustee's Motions for Partial Summary Judgment and for Sanctions for Spoliation of Evidence, granting in part Avaya's Motion for Partial Summary Judgment, and entering judgment in favor of Plaintiffs |
| 122 | November 8, 2006 | Notice of Appeal of Defendant Avaya, Inc. |
| * | March 29, 2007 | Equity Committee's Objection (Substantive) to Claim Filed by the State of Ohio Pursuant to 11 U.S.C. § 502 and Fed.R.Bankr.P. 3007<br>*Filed in connection with *In re Quintus Corporation, et al.*, Case No. 01-00501(MFW), D.I. 1549 |
| 137 | November 30, 2007 | Memorandum Order Granting in Part and Denying in Part the Appeal and Remanding This Matter Back to the Bankruptcy Court.  (Signed on 11/29/2007 by the Honorable Sue L. Robinson.) |
| ** | April 15, 2008 | Trustee's Exhibit 1<br>** Exhibit introduced in April 15, 2008 Hearing before the Honorable Mary F. Walrath  (D.I. 146) |
| 143 | May 6, 2008 | Objection to Certain Claims Listed in the Chapter 11 Trustee's Submission in Support of His Request For An Amended Judgment |
| 144 | May 23, 2008 | Chapter 11 Plan Trustee's (I) Motion to Strike and, in the Alternative, (II) Response to the Objections of Defendant Avaya, Inc. to Certain Claims Listed in the Chapter 11 Plan Trustee's Submission in Support of His Request for An Amended Judgment |
| 145 | May 27, 2008 | Transcript of Hearing held on February 12, 2008 before the Honorable Mary F. Walrath |
| 146 | May 27, 2008 | Transcript of Hearing held on April 15, 2008 before the Honorable Mary F. Walrath |
| 147 | June 4, 2008 | Reply In Support of Objections of Defendant Avaya, Inc. to Certain Claims Listed in the Chapter 11 Trustee's Submission for an Amended Judgment |
| 148 | June 9, 2008 | Opinion Entering an Amended Judgment in favor of the Plaintiffs against the Defendant |

| Docket No. | Filing / Entry Date | Document Name |
|---|---|---|
| 149 | June 9, 2008 | Order Entering an Amended Judgment in favor of the Plaintiffs against the Defendant |
| 151 | June 19, 2008 | Notice of Appeal of Defendant Avaya, Inc. |

## II.  Statement of Issues Presented on Appeal.

The issues on appeal from the Bankruptcy Court's Opinion and Order granting in part the Chapter 11 Trustee's Motions for Partial Summary Judgment and for Sanctions for the Spoliation of Evidence and granting only in part Avaya's Motion for Partial Summary Judgment, are as follows:

1. Did the Bankruptcy Court err in determining that there was an intentional destruction of documents which established a sufficient basis for a spoliation inference and the penalties imposed, particularly where there was no evidence that the person responsible for such destruction did so with any awareness of possible litigation, there was evidence that all material trade payables assumed had been paid as of June 30, 2001, and there was no evidence that Avaya would have anticipated litigation over payment of any additional amounts?

2. Did the Bankruptcy Court err in concluding that the Trustee was prejudiced by the loss of certain business records, and for that reason in imposing sanctions for spoliation, even though, among other things, Avaya produced in discovery accounting records that set forth each and every unpaid payable that was accrued or recorded in Debtors' books as of April 20, 2001 and payment records that reflected the payment of assumed liabilities through June 30, 2001, and the unrefuted testimony established that the total amount of liabilities that were accrued or recorded on Debtors' books – i.e., liabilities that Avaya assumed under the parties' contract – was reflected on an April 20, 2001 schedule that was produced in discovery.

3.  Did the Bankruptcy Court err in determining that Avaya was contractually obligated to retain records generated after Debtors' books and records were transferred to Avaya that reflected the payment of liabilities Avaya assumed under the parties' contract?

4.  Did the Bankruptcy Court err in establishing a penalty for alleged spoliation which, among other things, resulted in a damage award in excess of any amount that Avaya assumed and included an amount for damages resulting from an alleged breach of a separate letter agreement the issue of which was not properly before the Bankruptcy Court?

5.  Particularly in light of the Bankruptcy Court's conclusion "that Avaya assumed only obligations that were reflected on the Debtors' books and records" (Opinion at 20, D.I. 121) that did not include "incurred" liabilities that were not reflected on the Debtors' books, did the Bankruptcy Court err in (i) interpreting the parties' contract to mean that obligations of the Debtors could be assumed by Avaya *after* the closing of the acquisition of assets, especially because those obligations would, if at all, have been accrued or recorded after closing on the books and records of *Avaya* (i.e., books and records that Avaya had already acquired from Debtors); (ii) holding that invoices received from vendors constitute Debtors' books and records, even though, among other things, accounting entries are not made on invoices; and (iii) holding that Avaya assumed the amounts claimed by vendors in connection with Debtors' bankruptcy even when Avaya disagreed with those amounts and a lesser amount had been recorded in Debtors' books and records?

6.  Did the Bankruptcy Court err in concluding that Avaya assumed all liabilities listed on Debtors' bankruptcy schedules?

7.  Did the Bankruptcy Court err in resolving disputed issues of fact against Avaya in violation of the standards governing the motions?

8.	Did the Bankruptcy Court err in ignoring or failing to give appropriate consideration to the evidence, often uncontradicted, that supported Avaya's contentions and/or contradicted the Chapter 11 Trustee's position, including, without limitation, the accounting records that set forth all unpaid payables that had been accrued or recorded in the Debtors' books and records as of April 20, 2001, documentation reflecting the payment of liabilities that Avaya assumed, and unrefuted testimony that established that all of the liabilities Avaya assumed were reflected on a schedule of assumed liabilities prepared on April 20, 2001 and that the intent of the parties was that liabilities had to be accrued or recorded before the closing of the transaction to constitute assumed liabilities?

The issues on appeal from the Bankruptcy Court's Opinion and Order denying Avaya's objections to the Chapter 11 Trustee's submission in support of an Amended Judgment are as follows:

1.	Did the Bankruptcy Court err in failing to sustain Avaya's objections to the inclusion of certain tax liabilities claimed by the State of Ohio in the amended judgment far in excess of the tax liabilities reflected on Debtors' bankruptcy schedules as due and owing to the State of Ohio?

2.	Did the Bankruptcy Court err in awarding amounts to the Trustee as a sanction for the mere breach of a contractual obligation to maintain records received from Quintus in the absence of any evidence that any loss of records was attributable to conduct undertaken with any knowledge of any claim or otherwise with the intent to impede the assertion of any rights?

3.	Did the Bankruptcy Court err in including within the scope of the sanction for breach of the obligation to maintain records received from Quintus certain liabilities that were

not accrued or recorded in the books and records of Quintus at the time the records were transferred from Quintus and therefore were not properly within the scope of the sanction?

    4.    Did the Bankruptcy Court err in failing to sustain Avaya's objections to the inclusion of certain tax liabilities in the amended judgment in the absence of any evidence that such liabilities were accrued or recorded in the books and records of Quintus?

    5.    Did the Bankruptcy Court err in failing to sustain Avaya's objections to the inclusion of certain tax liabilities in the amended judgment, which liabilities had not even been assessed at the time the books and records of Quintus were transferred to Avaya?

    6.    Did the Bankruptcy Court err in failing to sustain Avaya's objections to the inclusion of certain tax liabilities in the amended judgment, which liabilities had not been invoiced to Quintus at the time the books and records of Quintus were transferred to Avaya?

    7.    Did the Bankruptcy Court err in failing to sustain Avaya's objections to the inclusion of trade payable liabilities in the amended judgment in the absence of any evidence that such liabilities were accrued or recorded in the books and records of Quintus?

Dated: June 27, 2008

Respectfully submitted,

By: */s/ Jeffrey S. Goddess*
    Jeffrey S. Goddess (No. 630)
    Rosenthal, Monhait & Goddess, PA
    919 Market Street, Suite 1401
    P.O. Box 1070
    Wilmington, DE 19806
    (302) 656-4433

    - and -

    James D. Arden
    Sidley Austin LLP
    787 Seventh Avenue
    New York, New York 10019
    (212) 839-5300

*Attorneys for Defendant Avaya, Inc.*